IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arvine Hardwick,<br><br>              Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>              Respondents. | No. CV-14-0165-PHX-JAT (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR U.S. DISTRICT JUDGE:

      Arvine Hardwick filed a Petition for Writ of Habeas Corpus on January 28, 2014, challenging his 1996 convictions in Mohave County Superior Court for six counts of child molestation, three counts of sexual conduct with a minor, two counts of public sexual indecency, and one count of sexual abuse. The trial court sentenced Hardwick to consecutive presumptive prison terms totaling 181 years. In Ground One, Hardwick argues that his fifth and fourteenth amendment rights were violated because he is actually innocent. In Ground Two, he argues that his fifth, sixth and fourteenth amendment rights were violated because both trial counsel and appellate counsel were ineffective. Respondents contend that Hardwick's petition is untimely, and that he is not entitled to statutory or equitable tolling. Respondents also argue that Hardwick has not demonstrated actual innocence to excuse his untimely filing. The Court agrees and recommends that his petition be denied and dismissed with prejudice.

# BACKGROUND

The facts surrounding the convictions are summarized in the presentence investigation report:[1]

> On July 29, 1993, Eddie Alldredge brought his three minor daughters to the Mesa Police station and reported they were molested by forty-nine-year-old Arvine Hardwick. Mr. Alldredge indicated the girls were molested while they lived with their real mother, Linda Smith, and stepfather, Darin Smith, in the same house as Mr. Hardwick from January 1987 until February 1992. The children's stepmother, Jane [Alldredge], related fifteen-year-old Kristi told her about Arvine molesting her the previous night. Ms. Alldredge then began to worry that the other two girls may have been victimized so she sat down with thirteen-year-old Crystal and eleven-year-old Belinda individually and learned they too had been victims of molestation at the hands of Mr. Hardwick.
>
> Crystal was interviewed and related the earliest incident occurred on her seventh birthday when Mr. Hardwick gave her a French kiss during her birthday party. She then related he exposed himself to her five times. Crystal stated that Mr. Hardwick had called her into his bedroom, closed the door behind her, and laid naked on the bed. He then told Crystal to watch him while he masturbated. After he ejaculated he tried to move her head down to his penis but she resisted and ran into another bedroom and told her sisters what happened. She did not tell her parents because she was scared. She also related Mr. Hardwick exposed himself on other occasions but she could not recall specific dates. She said Mr. Hardwick would watch her urinate and expose his penis and masturbate in front of her. He would also ask her to play with herself while she was on the toilet, but she refused. She stated she knew he touched her sisters because they told her that he did. She denied Mr. Hardwick had touched her and stated she thought that was because he knew she would have told her parents.

---

[1] Presentence reports are an appropriate source for the facts underlying a defendant's convictions. *See State v. Rose*, 297 P.3d 906 (2013).

- 2 -

On July 29, 1993, eleven-year-old Belinda was interviewed and indicated she had been inappropriately touched by Arvine. She related there were "a lot of times" when Mr. Hardwick would force her to touch his penis in a massaging motion until he ejaculated. "The worst time" occurred when she was in the second or third grade and involved Mr. Hardwick putting her on his bed, placing a condom on his penis, and inserting his penis half-way into her vagina. Belinda reported she saw blood and attempted to scream, but Mr. Hardwick placed his hand over her mouth. She told her mother about what happened but her mother told her she was lying. She then related an incident that occurred when she was seven or eight years of age which involved the defendant placing his penis into her mouth. She also informed that Mr. Hardwick kissed her and used his tongue and performed cunnilingus and digital penetration to her vagina. Belinda also related Mr. Hardwick forced her to look at pictures of nude women by holding her jaw and forcing her eyes open. When asked about her sisters, Belinda stated on one occasion Mr. Hardwick forced all of them to touch his penis at the same time. She related Mr. Hardwick sometimes gave her $5.00 without reason and also told her if she told anyone she would get hurt.

Kristi was interviewed and related several incidents which occurred when she was eleven, twelve, and thirteen years old. She related Mr. Hardwick had forced her to perform fellatio on him for approximately one minute and then afterwards masturbated until he ejaculated in front of her. A second incident occurred at Mr. Hardwick's business where her stepfather worked. As she was going to the bathroom, Mr. Hardwick entered the room, performed cunnilingus, and then made her masturbate him until he ejaculated. She also related incidents involving digital penetration and fellatio.

On July 30, 1993, Mr. Hardwick was arrested after a taped confrontation phone call was conducted during which he admitted digitally penetrating Kristi's vagina and performing oral sex on her.

(Doc. 10, Exh B).

1    Hardwick was convicted following a jury trial; his conviction was reversed on
2 appeal and he was granted a new trial (*Id.*, Exh C).  On June 20, 1996, Hardwick was
3 convicted following a second jury trial; on August 28, 1996, he filed a timely notice of
4 appeal (*Id.*, Exh D-G). He raised four issues on appeal:  (1) the trial court abused its
5 discretion by permitting cross-examination of Hardwick; (2) the evidence was
6 insufficient on two counts; (3) the trial court erred in denying Hardwick's request for a
7 *Willits* instruction; and (4) Hardwick was entitled to three additional days of presentence
8 incarceration credit (*Id.*, Exh H). On June 19, 1997, the court of appeals affirmed his
9 convictions and modified his presentence incarceration credit to include an additional
10 three days (*Id.*, Exh K).  The supreme court denied his petition for review on February
11 18, 1998 (*Id.*, Exh O).

On March 30, 1998, Hardwick filed a notice of post-conviction relief; on April 23, 1998, appointed counsel filed a notice of completion of review and indicated she had found no colorable claims for post-conviction relief (*Id.*, Exh Q-T).  On January 25, 1999, the trial court granted an extension allowing Hardwick until March 1, 1999 to file a *pro per* petition (*Id.*, Exh V).  On March 19, 1999, the trial court dismissed the post-conviction proceeding for failure to file a petition (*Id.*, Exh W).

Twelve years later, on June 27, 2011, Hardwick filed a second notice of post-conviction relief, claiming newly-discovered evidence, ineffective assistance of counsel, insufficient evidence and lack of subject matter jurisdiction (*Id.*, Exh X).  On October 18, 2011, the Court dismissed the petition as successive and untimely filed (*Id.*, Exh Y).  In doing so, the trial court ruled that Hardwick could not raise ineffective assistance, insufficient evidence, or lack of jurisdiction, because an untimely notice may only raise claims made pursuant to Rule 32.1(d), (e), (f), (g) or (h).  In addition, the Court ruled that regarding his claim of newly-discovered evidence, Hardwick had "fail[ed] to articulate any such evidence," and that his exhibit supporting a claim of newly-discovered evidence was "not a statement of facts but a series of arguments" (*Id.*).  The trial court concluded that Hardwick had failed to state a claim for which relief can be granted (*Id.*).

1    In 2012, the trial court allowed Hardwick's third petition for post-conviction relief to go forward, finding that Hardwick had alleged a sufficiently colorable claim of actual innocence based upon an alibi defense (*Id.*, Exh AA).  Following the completion of briefing, the trial court denied the petition (*Id.*, Exh BB-GG).  Hardwick petitioned for review, raising a single claim of actual innocence (*Id.*, OO).  In January 2014, the court of appeals granted review, but denied relief.  In doing so, the court of appeals ruled that all but the claim of newly discovered evidence was precluded because the other claims were either not raised in previous proceedings or were litigated in those proceedings. (*Id.*, Exh HH).  The court of appeals ruled that the trial court had not abused its discretion in finding that the evidence – a marriage license application [2] – was not newly discovered because Hardwick would have known of its existence at the time of trial.  In addition, the court ruled that Hardwick had not established an actual innocence claim by clear and convincing evidence (*Id.*).  The court noted that much of the evidence on which Hardwick relied, including the information contained in the marriage license application, was presented at trial, and faced with such evidence, the jury found him guilty of the offenses (*Id.*).  The court concluded that in the absence of any additional facts sufficient to establish that no reasonable fact-finder would have found him guilty beyond a reasonable doubt, the trial court did not abuse its discretion in denying relief (*Id.*).

**DISCUSSION**

Hardwick was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. § 2244(d)(2).  Hardwick filed a timely notice of post-conviction relief on March 30,

---

[2] Hardwick argued that the marriage license application showed his place of residence and when he lived there, and thus supported an alibi defense.  However, he had already provided this information during his testimony, making the evidence cumulative.

1998, and following a series of extensions, was granted until March 1, 1999 to file a *pro se* petition. On March 19, 1999, the trial court dismissed the post-conviction proceedings because Hardwick failed to file a petition. Absent any further tolling, he was required to file his petition within one year of that date, on or before March 19, 2000. His present petition, filed fourteen years after the expiration of the limitations period, is therefore untimely.

Hardwick's post-conviction petitions filed in 2011 and 2012 did not toll the limitations period. "[A] properly and timely filed petition in state court only tolls the time remaining in the federal limitation period." *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). There can be no tolling following the expiration of the limitations period because "there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). In addition, his 2011 and 2012 post-conviction petitions do not revive the expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

The Court also concludes that Hardwick is not entitled to equitable tolling. He has not demonstrated that he had been pursuing his rights diligently and the existence of any extraordinary circumstances which prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). In his petition, he asserts no reason for his untimely petition, and thus demonstrates no entitlement to equitable tolling. Ignorance of the law is not an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

A habeas petitioner can excuse his untimeliness by demonstrating actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). It requires Hardwick to show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. Based upon the fact that the "new" evidence was cumulative to testimony Hardwick gave during trial, and the jury convicted him of the charged offenses, Hardwick cannot make such a showing. In addition, he appears to claim legal innocence, based upon a discrepancy in the dates of particular

Page 7

offenses, rather than factual innocence. A claim of legal innocence is insufficient to establish any miscarriage of justice. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992).

**IT IS THEREFORE RECOMMENDED** that Arvine Hardwick's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 25th day of June, 2014.

_____
David K. Duncan
United States Magistrate Judge